UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY

| | |
|---|---|
| KREISLER DRUG CO., INC., KREISLER DRUG NO. 3, and KREISLER CLINIC PHARMACY, INC.,<br><br>   Plaintiffs/Counter-Defendants,<br><br> v.<br><br>MISSOURI CVS PHARMACY, LLC,<br><br>   Defendant/Counter-Plaintiff/Third-Party Plaintiff,<br><br> v.<br><br>JAMES J. NABER, SAMUEL KERNOHAN, DAVID HUBBLE, RYAN SUMMERS and SUMMERS PHARMACY, INC.,<br><br>   Third-Party Defendants. | Case No.: Case No. 14-cv-01050-JTM |

### **STIPULATED PROTECTIVE ORDER**

For good cause shown under Fed. R. Civ. P. 26(c), and with the consent of all parties, the Court hereby enters the following protective order with respect to the identification, production, distribution, retention, and use in this lawsuit of Protected Information as defined herein. Accordingly, It is hereby **ORDERED** and **ADJUDGED** as follows:

 1. All Protected Information, as defined below, produced or exchanged in the course of this litigation shall be used solely for the purpose of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

 2. Protected Information.

**Error! Unknown document property name.**

a. As used herein, "Protected Information" means any information of any type, kind or character that is designated, pursuant to the criteria set forth below, as *"Confidential"* or *"Highly Confidential – Attorneys' Eyes Only,"* or that meets the criteria of "Protected Health Information" ("PHI") as defined by the Health Insurance Portability and Accountability Act ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936, as amended, and associated implementing regulations, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in a response to a written discovery request, or otherwise.

b. "Protected Information" may include, but is not limited to, (i) proprietary technical information and specifications, (ii) trade secrets, (iii) confidential know-how, (iv) those documents, files, portions of files, transcribed testimony or other materials that the designating party in good faith reasonably believes to comprise trade secrets, or other competitively sensitive confidential information, and confidential financial or other confidential commercial information of the designating party, (v) proprietary or confidential business, business valuation, audit, asset, expense, income, customer, patient, marketing, marketing analysis, sales licensing, strategic, research, development, proprietary and financial information, and (vi) any other confidential information having commercial value to, or covered by regulatory compliance obligations of, the disclosing party.

c. "Protected Information" does not include information that: (i) is in the public domain at the time of disclosure, through no fault of the party challenging the designation; (ii) becomes part of the public domain through no fault of the party challenging the designation; (iii) was in the receiving party's rightful and lawful possession at the time of disclosure; or (iv) is lawfully received by the receiving party from a third party at a later date without restriction as to

2

disclosure, provided such third party has the right to make the disclosure to the receiving party; and such information shall not be designated as *"Confidential" or "Highly Confidential - Attorneys' Eyes Only."*

    d. Notwithstanding anything to the contrary in this Protective Order, any information that meets the criteria of HIPAA, as amended and interpreted pursuant to associated implementing regulations, shall be deemed "Protected Information" for the purposes of this Protective Order, regardless of any such designation as *"Confidential" or "Highly Confidential - Attorneys' Eyes Only."*

3. The parties may designate Protected Information as *"Confidential"* if that information is kept confidential by the designating party and is not generally known or otherwise publicly available.

4. The parties may designate Protected Information as *"Highly Confidential - Attorneys' Eyes Only"* if that information (a) is kept confidential by the designating party, and is not generally known or otherwise publicly available, and (b) is highly commercially sensitive, subject to regulatory protective obligations, or the disclosure of which would be likely to cause competitive harm to the designating party.

5. "Qualified Persons," as used herein, means:

    a. Outside counsel who have made an appearance in this litigation and lawyers in their firm and secretarial, clerical, litigation support and paralegal personnel regularly employed by such outside counsel to whom it is necessary that the Protected Information be shown for purposes of this litigation, and in-house counsel, but only if directly engaged in assisting the party's outside counsel in the conduct of this litigation and only for use in this litigation;

    b. Bona fide outside consultants and experts and their clerical and support staff

3

specifically engaged by counsel or the parties to assist in this litigation, provided such experts are not a competitor of any party to this litigation;

      c. Officers, or other employees or agents of a party who (i) have decision making authority for the party in this litigation, or (ii) are actively engaged in assisting that party's outside attorneys in the conduct of this litigation;

      d. The Court, other court officials (including court reporters), and the jury or other trier of fact;

      e. Fact witnesses who agree to comply with, and be bound by, the requirements of this Order, and whose role as a witness is such that they have a genuine need to know the Protected Information;

      f. Any other vendors, contractors, or consultants who have been retained by outside counsel for either party who may have a genuine need to access the Protected Information; and

      g. Any other person as to whom the producing party agrees in writing or as to whom a court order has been obtained.

      h. Any individual named as a party in this lawsuit.

6. Information designated as *"Confidential"* shall not be disclosed or made available by the receiving party to anyone other than a Qualified Person. Information designated as *"Highly Confidential - Attorneys' Eyes Only"* shall not be disclosed to anyone other than the Qualified Persons described in subparagraphs 5(a), (b), (d) and (g) above.

7. Before any disclosure of Protected Information is made to one of the Qualified Persons identified in subparagraphs 5(b), (c), (e), (f), (g) and (h) the following must occur:

      a. The individual to whom disclosure is to be made must be given a copy of this Protective Order; and

4

b.  The individual to whom disclosure is to be made must sign an Acknowledgment in the form attached hereto as Exhibit A and agree to be subject to the jurisdiction of this Court for the sole purpose of enforcing this Protective Order.  Counsel for the party disclosing Protected Information to one of the Qualified Persons identified in Paragraph 5, except for subparagraph 5(d), must keep a list of all such persons to whom such disclosures are made, and must make the list available to the party designating the information as Protected Information upon request of the designating party after the conclusion of this matter, and prior to the conclusion of this matter only if good cause is shown.

8. In accordance with the requirements of the regulations promulgated under HIPAA, specifically 45 C.F.R. Sections 164.512(e)(1)(ii)(B) & (v), the Court enters this Protective Order as a HIPAA QUALIFIED PROTECTIVE ORDER, as that term is defined in the foregoing regulations, and requires that all parties to this lawsuit comply with the following:

a. The parties are prohibited from using or disclosing PHI received in connection with the litigation in the above-styled lawsuit for any purpose other than the litigation of the above-styled lawsuit; and

b. The parties are required to return to the disclosing entity or destroy the PHI (including all copies made) at the conclusion of the litigation of the above-styled lawsuit, which shall include the time for all appellate proceedings or the expiration of the time to commence such appellate proceedings, whichever last occurs.

In addition to the foregoing, pursuant to 45 C.F.R. Section 164.512(e)(1)(i) and for purposes of HIPAA compliance, without waiver of any right to repayment of costs or other appropriate objection or privilege that may be timely asserted, each party's legal counsel and employees, agents and designees of each party or each party's legal counsel in this case are expressly and specifically **AUTHORIZED** and **ORDERED** to:

a. respond to valid requests for production or interrogatories served pursuant to the Federal Rules of Civil Procedure in the above-styled claim or

          litigation for production of documents containing protected health information; and

   b.    respond as to each one of a party's own expert(s) who requests, either orally or in writing, protected health information for purposes of reviewing the above-styled claim or litigation in whole or in part, whether the expert is a consulting or trial expert, and whether the expert is considered retained for compensation or non-retained,

by disclosing and providing such requested protected health information. The authorization and order set forth in this paragraph, in compliance with both HIPAA regulations and any applicable state law not pre-empted by HIPAA, expressly includes protected health information concerning psychological and mental health records (excluding psychotherapy notes), disability status and records, if so requested. The command of the Court in this paragraph is a separate authorization for use of protected health information that is in addition to, and inclusive of, the use and disclosures authorized under the HIPAA Qualified Protective Order set forth above.

In addition, pursuant to 45 C.F.R. Section 164.512(e)(1)(i) and for purposes of HIPAA compliance, without waiver of any right to prepayment of costs or other appropriate objection or privilege that may be timely asserted, each deponent duly noticed for deposition or document production pursuant to subpoena in the above-styled litigation, including but not limited to a party, a fact witness, a records custodian, an expert, a treating physician, and a healthcare provider of any type, is expressly and specifically **AUTHORIZED** and **ORDERED** to use or to disclose to the attorneys, employees, agents, and designees of each party or each party's legal counsel in this case, the protected health information that is responsive to deposition questions or a valid duces tecum at such duly noticed deposition or document production. The authorization and order set forth in this paragraph, in compliance with both HIPAA regulations and any applicable state law not pre-empted by HIPAA, expressly includes protected health information concerning psychological and mental health records (excluding psychotherapy notes), disability

status and records. The command of the Court in this paragraph is a separate authorization for use or disclosure of protected health information that is in addition to, and inclusive of, the use and disclosures authorized under the HIPAA Qualified Protective Order set forth above.

9. Copies of *"Highly Confidential -Attorneys' Eyes Only"* information provided to a receiving party shall be maintained securely only in the offices of outside counsel for the parties, or the offices of outside consultants or experts specifically engaged by counsel for the parties to assist in this litigation, or segregated in the parties' in-house legal department's offices. Any person or entity to whom Protected Information has been disclosed shall use reasonable care and efforts to safeguard it. Third parties to whom Protected Information has been disclosed shall not disclose the Protected Information to any person or entity, nor use such confidential information for any purpose whatsoever other than to fulfill their role in this litigation.

10. Documents produced in this action may be designated by the producing party as *"Confidential" or "Highly Confidential -Attorneys' Eyes Only"* information by prominently marking each page of the document(s) so designated with the designation *"Confidential''* or *"Highly Confidential -Attorneys' Eyes Only."* In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

11. a. Information disclosed at (i) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (ii) the deposition of a third party, where the information pertains to a party, may be designated by any party as Protected Information by indicating on the record at the deposition that the testimony or any portion thereof is *"Confidential"* or *"Highly Confidential - Attorneys' Eyes Only,"* and is subject to the provisions of this Protective Order.

Only Qualified Person identified in subparagraphs 5(a), (b), (c), (e), (f) and (h) attending the deposition at which Protected Information is designated "*Confidential*" shall remain in the deposition, but, in order to remain in the deposition during question respecting Protected Information designated as *"Confidential,"* shall state on the record that he or she has read and agrees to be bound by this Protective Order and agree to be subject to the jurisdiction of this Court for the sole purpose of enforcing this Protective Order.

      b. If, at the time of deposition, a party designates Protected Information at the deposition as "*Highly Confidential – Attorneys' Eyes Only*," no one other than the Qualified Persons described in subparagraphs 5 (a) and (b) above shall remain in the deposition, but in order for the Qualified Persons described in subparagraph 5 (b) above to remain in the deposition during question respecting Protected Information designated as *"Highly Confidential – Attorneys' Eyes Only,"* such Qualified Persons shall state on the record that he or she has read and agrees to be bound by this Protective Order and agrees to be subject to the jurisdiction of this Court for the sole purpose of enforcing this Protective Order. Otherwise, the Qualified Persons described in paragraph 5 and anyone else attending the deposition, other than those identified in subparagraphs 5(a) and (d) and other than the witness being deposed, shall leave the deposition until such time as questioning regarding such Protected Information designated as "*Highly Confidential – Attorneys' Eyes Only*" is completed. Upon completion of the portion of the deposition as to which "*Highly Confidential – Attorneys' Eyes Only*" information has been designated, the attorney for the party so designating shall immediately indicate on the record that the portion of the deposition has been completed as to which "*Highly Confidential – Attorneys' Eyes Only*" information has been designated, so that the person who left the deposition may return to the deposition.

8
Case 4:14-cv-01050-JTM   Document 58   Filed 07/06/15   Page 8 of 19

c. Any party may also designate information disclosed at such depositions as Protected Information by notifying all of the parties in writing, within twenty (20) days of receipt of the transcript, of the specific pages and lines of the transcript that should thereafter be treated as *"Confidential" or "Highly Confidential - Attorneys' Eyes Only."* Each party shall attach a copy of such written notice or notices to the face of the transcript, and each copy thereof in his, her or its possession, custody or control. All deposition transcripts shall be treated as *"Highly Confidential - Attorneys' Eyes Only"* for a period of twenty (20) days after the receipt of the transcript. Any portion of a deposition designated *"Confidential" or "Highly Confidential - Attorneys' Eyes Only,"* or any separately bound volume so designated, shall not be filed with the Court, except in accordance with paragraph 16 of this Order.

12. With respect to any materials designated *"Confidential" or "Highly Confidential Attorneys' Eyes Only"* that are not produced in paper form (such as CDs, diskettes, magnetic media, digital, electronic, and other material not produced in paper or tangible form) and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the producing party shall, to the extent practicable, produce such material with a cover labeled *"Confidential" or "Highly Confidential - Attorneys' Eyes Only"* and shall inform all counsel in writing of the *"Confidential" or "Highly Confidential - Attorneys' Eyes Only"* designation of such material at the time such material is produced.

13. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if each party designating the information as *"Confidential" or "Highly Confidential - Attorneys' Eyes Only"* consents to such disclosure in writing, or if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any attorney of record from utilizing *"Confidential" or "Highly Confidential - Attorneys' Eyes Only"* information in the

9

examination or cross-examination of any person who is indicated on the document or is otherwise established as being an author, source or recipient of the *"Confidential" or "Highly Confidential - Attorneys' Eyes Only"* information, irrespective of which party produced such information. Nor shall anything herein prevent any attorney of record from utilizing *"Confidential'' or "Highly Confidential - Attorneys' Eyes Only"* information in the examination or cross-examination of any person who is an officer, director or employee of the party so designating the information as *"Confidential" or "Highly Confidential - Attorneys' Eyes Only,"* or of the party that produced the information. Further, use pursuant to this paragraph of Protected Information marked *"Confidential"* may not be made in the presence of any person not a "Qualified Person" under Paragraph 5 in compliance, if required, with paragraph 7's signed Acknowledgment (Exhibit A) requirement. Additionally, a party may not use, or attempt to introduce, Protected Information pursuant to this paragraph that is designated *"Confidential" or "Highly Confidential - Attorneys' Eyes Only"* as an unsealed exhibit in court or present same to an unqualified witness unless the party seeking to introduce or utilize the subject document or information first obtains authorization from the Court, or the express written consent of counsel for the opposing parties; and any use pursuant to this paragraph of Protected Information marked *"Highly Confidential - Attorneys' Eyes Only"* may not be made in the presence of any person other than those being examined and outside counsel, unless the designating party agrees otherwise.

14. Any party may move the Court to amend any portion of this Order, including amendment to permit actual trial witnesses access to trial exhibits and transcripts of testimony that are reasonably necessary to assist such witnesses in preparation for their testimony.

15. Inadvertent Production.

10

a. With the exception of PHI, which is automatically deemed Protected Information and shall not be disclosed except as provided for in this Protective Order, if a party inadvertently discloses any document or thing containing information that it deems Protected Information without designating it as *"Confidential" or "Highly Confidential - Attorneys' Eyes Only,"* the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, and the receiving party and all Qualified Persons possessing such information shall thereafter treat the information as *"Confidential" or "Highly Confidential - Attorneys' Eyes Only,"* as the case may be, pursuant to this Protective Order. To the extent such Protected Information may have been disclosed to persons other than Qualified Persons described in this Protective Order, the receiving party shall make every reasonable effort to retrieve the Protected Information promptly from such persons and avoid any further disclosure to non-Qualified Persons.

b. Inadvertent production of any document that a party later claims should not have been produced because of a privilege, including, but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege. The designating party may request the return of any Inadvertently Produced Privileged Documents. A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production. If a party or nonparty requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party or nonparty, such other party shall within five (5) business days return to the requesting party or nonparty the Inadvertently Privileged Document and all copies thereof or shall move the Court for an order compelling production of the material, but that party shall not assert as a ground for

entering such an order the fact or circumstances of the inadvertent production. During the pendency of the motion for an order compelling production of the material, the movant shall treat the Protected Information as *"Highly Confidential – Attorneys' Eyes Only."*

16. If any party elects to challenge the designation of confidentiality of any document, deposition testimony, or other information marked *"Confidential" or "Highly Confidential - Attorneys' Eyes Only"* pursuant to this Protective Order, that party shall notify the producing party of its challenge, in writing. Within ten (10) business days of the receipt of such written notice, the party designating the confidentiality status of the document or information in question will either voluntarily remove the *"Confidential" or "Highly Confidential - Attorneys' Eyes Only"* designation or inform the challenging party that it will not remove the *"Confidential" or "Highly Confidential - Attorneys' Eyes Only"* designation. Thereafter, the challenging party may move the Court for an Order removing or revising the protections provided to that document or information by this Protective Order. All documents, testimony or other materials designated as *"Confidential" or "Highly Confidential - Attorneys' Eyes Only,"* however, shall retain such status until such time as the parties' contentions regarding the confidentiality of documents or information so designated are fully and finally adjudicated by this Court.

17. If a party intends to file any document containing Protected Information with the Court, it must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) by filing the document under seal in accordance with the filing procedures set forth in the Court's CM/ECF Civil and Criminal Administrative Procedures Manual and Users Guide.

12
Case 4:14-cv-01050-JTM   Document 58   Filed 07/06/15   Page 12 of 19

18. In the event any person or party that has possession, custody, or control of any Protected Information pursuant to the terms of this Protective Order receives a subpoena, governmental demand, or other process or order ("Subpoena") to produce such Protected Information, such person or party shall notify by overnight courier (or other means reasonably calculated to provide as much notice as is practicable but, in any event, no later than five (5) business days prior to the date of the requested production) the counsel for the party designating the information as Protected Information sought by such Subpoena. The person or party receiving the Subpoena shall furnish counsel for the designating party with a copy of said Subpoena, and shall reasonably cooperate, at the designating party's expense, with respect to any procedure sought to be pursued by the party whose interests may be affected. The person or party receiving the Subpoena shall be entitled to comply with it except: (a) to the extent the party designating the information as Protected Information is successful in obtaining an order modifying or quashing it or avoiding it pursuant to any relevant rule of procedure or otherwise; and (b) in complying with the Subpoena shall, at a minimum, seek to obtain confidential treatment of the Protected Information before producing it in the other proceeding or action.

19. Within sixty (60) calendar days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents or any other recordation (whether on paper or electronic) of Protected Information produced by a party that are in the possession of any of the persons who are Qualified Persons pursuant to Paragraph 5 shall be returned to the producing party or a notice shall be delivered to the producing party certifying under oath that the protected Information has been destroyed, except as this Court may otherwise order as to the extent such information was used as evidence at trial. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents or information

produced thereunder, such orders shall continue to be binding after the conclusion of this litigation. Provided, however, nothing in this paragraph shall limit the right of a party's outside counsel to retain one copy of the pleadings, motions, memoranda, exhibits, and papers filed with the Court; of deposition transcripts and exhibits; and of any documents constituting work product.

20. Following termination of this litigation, the provisions of this Order relating to the confidentiality of Protected Information shall continue to be binding, except with respect to documents and information that are no longer Protected Information. This Court retains jurisdiction over all persons provided access to Protected Information for enforcement of the provisions of this Order following termination of this action and the final conclusion of this action.

21. Neither this Order nor the designation of any item as Protected Information shall be construed as an admission that such materials, or any testimony in respect to such material in deposition or otherwise, would be admissible in evidence in this litigation or in any other proceeding. In addition, this Protective Order does not, of itself, require the production of any information or documents. Nothing in this Protective Order shall be deemed to preclude any party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information. Nor shall any provision of this Protective Order be deemed to preclude any party from challenging the validity of the confidentiality of any materials so designated. Nothing in this Protective Order shall prohibit a party's ability to use its own documents.

22. Knowing violation by any person of any provision of this Protective Order shall be punishable as contempt of Court. Further, any party hereto may pursue any and all civil

remedies available to it for breach of the terms of this Protective Order.

It is SO ORDERED on this 6th day of July 2015.


                                 */s/ John T. Maughmer*
                                 **John T. Maughmer**
                                 **United States Magistrate Judge**


STIPULATED AS TO FORM AND SUBSTANCE:

                        **POAGUE, WALL, COX & ADAMS, L.L.C**.


                        */s/ Robert J. Cox (with permission)*
                        Robert J. Cox                   MO Bar # 24705
                        206 S. Baird
                        P.O. Box 226
                        Clinton, Missouri 64735
                        (660)885-2221
                        (816)817-1840 (Fax)
                        bcox@pwcalaw.com
                        **ATTORNEY FOR KREISLER DRUG CO., INC., KREISLER DRUG NO. 3 AND KREISLER CLINIC PHARMACY, INC.**


                        and

                        **FOLEY & LARDNER LLP**

                        */s/ Irina N. Kashcheyeva*
                        Jeffrey S. Kopp        Admitted pro hac vice
                        Irina Kashcheyeva    Admitted pro hac vice
                        500 Woodward Avenue, Suite 2700
                        Detroit, Michigan 48226
                        (313)234-7100
                        (313)234-2800 (Fax)
                        jkopp@foley.com
                        ikashcheyeva@foley.com

15

Case 4:14-cv-01050-JTM   Document 58   Filed 07/06/15   Page 15 of 19

Frank Pasquesi			Admitted pro hac vice
FOLEY & LARDNER LLP
321 N. Clark Street, Suite 2800
Chicago, Illinois 60654
(312)832-4500
(312)832-4700 (Fax)
fpasquesi@foley.com


Michael E. Brown			MO Bar #   49979
Anna M. Berman			MO Bar#   61637
KUTAK ROCK LLP
Two Pershing Square
2300 Main Street, Suite 800
Kansas City, Missouri 64108-2416
(816)960-0090
(816)960-0041 (Fax)
Michael.brown@kutakrock
Anna.berman@kutakrock

**ATTORNEYS FOR MISSOURI CVS PHARMACY, LLC**

and


**FOLAND, WICKENS, EISFELDER, ROPER & HOFER, P.C.**


*/s/ Abbigale A. Gentle (with permission)*
W. James Foland			MO Bar #25022
Abbigale A. Gentle			MO Bar #47879
911 Main Street, 30th Floor
Kansas City, Missouri 64105
Phone:  (816) 472-7474
Fax:    (816) 472-6262
Email: jfoland@fwpclaw.com
	agentle@fwpclaw.com
**ATTORNEYS FOF KREISLER DRUG CO., INC., KREISLER DRUG NO. 3, AND KREISLER CLINIC PHARMACY, INC. AND JAMES NABER, SAMUEL KERNOHAN AND DAVID HUBBLE**

and

**WAGSTAFF & CARTMELL LLP**

*/s/ Eric D. Barton (with permission)*
Eric D. Barton　　　　　　　　　　MO Bar # 53619
Anna K. Schall　　　　　　　　　　MO Bar # 63216
4740 Grand Ave., Suite 300
Kansas City, MO  64112-2255
Phone:  (816) 701-1100
Fax:  (816) 531-2372
**ATTORNEYS FOR  RYAN SUMMERS AND SUMMERS PHARMACY**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY

| | |
|---|---|
| KREISLER DRUG CO., INC., KREISLER DRUG NO. 3, and KREISLER CLINIC PHARMACY, INC., <br><br> Plaintiffs/Counter-Defendants, <br><br> v. <br><br> MISSOURI CVS PHARMACY, LLC, <br><br> Defendant/Counter-Plaintiff/Third-Party Plaintiff, <br><br> v. <br><br> JAMES J. NABER, SAMUEL KERNOHAN, DAVID HUBBLE, RYAN SUMMERS and SUMMERS PHARMACY, INC., <br><br> Third-Party Defendants. | Case No.: Case No. 14-cv-01050-JTM |

**EXHIBIT A**
**ACKNOWLEDGMENT REGARDING ACCESS TO PROTECTED INFORMATION**

    I, _____, declare that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order in this action signed by the presiding judge.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all provisions of the Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any *"Highly Confidential – Attorney Eyes Only" and "Confidential"* information and materials which are disclosed to me.

8. I will return to counsel for the party by whom I am employed or retained or certify under oath that I have destroyed all *"Highly Confidential – Attorney Eyes Only"* and *"Confidential"* materials, including but not limited to materials subject to HIPAA, that come into my possession, and documents or things that I have prepared relating thereto.

9. I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order in this action.

Dated: _____   Signature: _____

Printed Name: _____